that the bankruptcy court would have found there to be sufficient evidence of the existence of the La Jara account to issue an order mandating turnover of the assets allegedly therein. The Latmans were prejudiced by the improper admission of this evidence.[11]

We affirm the district court's holding that the bankruptcy court abused its discretion when it admitted into evidence the supplemental declaration of Trustee's counsel attaching hearsay records of the Latmans' La Jara account.[12]

## V

We hold that the Trustee was not barred by the doctrines of election of remedies or res judicata from pursuing both a denial of discharge and a subsequent surcharge against the Latmans' Bankruptcy Code exemptions. We also hold that the surcharge remedy fashioned by the bankruptcy judge did not exceed the equitable powers of the bankruptcy court. Finally, we hold that it was an abuse of discretion for the bankruptcy court to admit into evidence the records of the La Jara account based on the declaration of the Trustee's counsel, and that the district court correctly reversed those aspects of the bankruptcy court's August 10, 2001 relying on the admission of these records.

The judgment of the district court affirming in part, reversing in part, and re-manding the matter to the bankruptcy court is **AFFIRMED**.

AMERICAN CONSUMER PUBLISH-ING ASSOCIATION, INC.; Dennis L. Simpson; I.C. Marketing, Inc.; Publishers Services Exchange, Inc., Plaintiffs—Appellants,

v.

Jan MARGOSIAN; Elizabeth Gordon; Geoff Darling, Defendants—Appellees.

No. 01–36114.

United States Court of Appeals, Ninth Circuit.

April 29, 2004.

Alan R. Herson, Esq., Jacksonville, OR, Morgain F. McGaughey, American Consumber Publishing Assoc., Medford, OR, for Plaintiffs–Appellants.

Brendan C. Dunn, Esq., Office of the Attorney General, Salem, OR, for Defendants–Appellees.

---

11. The Latmans also assert other reasons for reversal of the bankruptcy court's order admitting into evidence the La Jara account records. They maintain that the records were obtained through an invalid subpoena, and that the declaration of Trustee's counsel should be stricken under the advocate-witness rule. As we conclude that the La Jara account records are inadmissible under the Federal Rules of Evidence, absent the testimony or declaration of a proper custodian, we need not address the merits of these further contentions.

12. On remand to the bankruptcy court the Trustee, in further proceedings consistent with our opinion, and subject to any procedural issues not reached herein, may be able to prove with admissible evidence the existence and prior amount of the undisclosed La Jara account. If so the bankruptcy court after further proceedings may be able to consider the La Jara account in fashioning a final remedy and order.

## ORDER

SCHROEDER, Chief Judge.

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court.

GATOR.COM CORP, Plaintiff—Appellant,

v.

L.L. BEAN, INC., Defendant—Appellee.

No. 02–15–35.

United States Court of Appeals,
Ninth Circuit.

April 29, 2004.

## ORDER

SCHROEDER, Chief Judge.

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit,

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit,

except to the extent adopted by the en banc court.

FLAMINGO INDUSTRIES (USA) LTD.; Arthur Wah, Plaintiffs–Appellants,

v.

UNITED STATES POSTAL SERVICE, an entity created pursuant to the Postal Reorganization Act, Defendant–Appellee.

No. 01–15963.

United States Court of Appeals,
Ninth Circuit.

April 30, 2004.

George P. Eshoo, Esq., George P. Eshoo & Associates, Redwood City, CA, for Plaintiffs–Appellants.

Patricia J. Kenney, Esq., Office of the U.S. Attorney, San Francisco, CA, Stephan J. Boardman, Esq., U.S. Postal Service, Washington, DC, for Defendant–Appellee.

Before LAY,* THOMPSON, and TALLMAN, Circuit Judges.

sitting by designation.